

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-11-00212-CR**

EX PARTE PHILLIP JACKSON                                     APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Phillip Jackson attempts to appeal from the Texas Court of Criminal Appeals's recent denial of his application for writ of habeas corpus. On June 14, 2011, we notified Jackson of our concern that we lacked jurisdiction over this appeal because this court has no jurisdiction to review decisions of the

---

[1]*See* Tex. R. App. P. 47.4.

Texas Court of Criminal Appeals,[2] and we informed him that this appeal was subject to dismissal for want of jurisdiction unless he or any party desiring to continue this appeal filed a response with this court by June 24, 2011, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. On June 27, 2011, Jackson filed a response, but it does not show grounds for continuing the appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 14, 2011

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (West Supp. 2010) (stating that "[a]fter final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas"); *see also id.* § 4(a) (West Supp. 2010) (dealing with subsequent applications for writ of habeas corpus filed after final disposition of an initial application, which is what the court of criminal appeals noted on the disposition in this case); *accord* Tex. Const. art. V, § 5 (providing that court of criminal appeals has final appellate jurisdiction on all questions of law in criminal matters).